SWANWICK (LIVINGSTON v.). See Case No. 8,419.

SWART (GRANGER v.). See Case No. 5,685.

SWARTWOUT (DORR v.). See Case No. 4,010.

SWARTWOUT (KIDD v.). See Case No. 7,756.

---

## Case No. 13,678.

### SWARTZ v. FUNK.

[9 West. Jur. 412.]

Circuit Court, D. Iowa. July, 1875.

TAX SALE—FRAUDULENT COMBINATION—WHAT IS NOT PROOF OF.

In a suit in equity to set aside a tax deed because of a fraudulent combination among bidders at the sale. it is not enough to show simply that no lands were bid off at less than the whole tract for the taxes due, and that the bidders each obtained a tract substantially in turn, when there were more lands for sale than all wanted, and there was no showing that they did not bid against each other.

Bill in equity to remove a cloud upon the plaintiff's title to 80 acres of land, and praying for a writ of assistance. The plaintiff has the regular or patent title. He so avers and proves. The defendant is alleged to hold under a recorded tax deed executed in 1869 for the taxes of 1864, pursuant to a sale made by the county treasurer, October 2, 1865. This the defendant admits, and he claims no other right or title except under this tax deed. Defendant is alleged to be in possession. The only question in the case on the merits is whether the tax deed of the defendant conveyed a valid title. The plaintiff in the proofs assails the tax deed on one ground only, viz. that at the sale for taxes, October 2, 1865, all the persons purchasing the land on the delinquent list entered into an "unlawful combination and agreement to allow each purchaser and bidder to select such lands as he desired to purchase and bid in the same without competition or opposition," and that the lands in question were purchased in pursuance of that combination and agreement, and such fact was known to the defendant when he received an assignment of the tax-sale certificate on which his deed is founded. The answer denies the alleged combination. The plaintiff has taken proof for the purpose of establishing it. The answer also insists that the case is not one of equity cognizance, and that the plaintiff has a plain and adequate remedy at law. The answer sets up no claim for taxes or improvements.

D. D. Miracle, for complainant.
Chas. A. Clark, for defendant.

DILLON, Circuit Judge. I am inclined to think that the proofs do not make a case of equity cognizance. The defendant is in possession. Nothing stands in the way of an action of ejectment, and the contest, and only contest, is one of title, depending upon the validity of the defendant's tax deed; and whether this deed is valid depends upon a controverted question of fact, viz. the alleged unlawful combination among the purchasers to suppress competition at the tax sale. No account is necessary to be taken for taxes paid or improvements made by the defendant. If the defendant's tax deed be valid, it is no cloud upon the plaintiff's title which he has a right to have removed. Whether valid or not can be tried at law. If there decided against the tax deed, and the plaintiff recovers in ejectment, he would probably not need to have the cloud cast by that deed removed; but, if it were necessary or desirable, he could then file his bill for that purpose, and allege the result of the ejectment action as the foundation of his right to such relief. But if it be granted that the court can entertain jurisdiction of the suit on his bill in equity, the proofs fail to sustain the fact on which the bill is based. At the tax sale in question there was a large list of delinquent lands. There were only six or seven persons present desiring to purchase. There were more lands than those persons wished to buy, and when the sale closed there were lands yet unsold for want of bidders. Nothing special appears in reference to the lands in controversy in this suit. The persons present declined generally to bid in for the taxes due any less quantity of land than the whole tract on which the tax was assessed. Each tract was regularly exposed in its order for sale It does not appear that the parties did not bid against each other at the sales, for the reason that, there being more than enough for all, there was no motive for doing so The result was that, as a rule, one person bid in a tract, then another, and another, and so on, in turn, until each had purchased the quantity he desired, leaving, as above stated, lands yet unsold for want of purchasers. The proofs do show a failure to bid against each other, but do not show that there was any agreement not to compete in respect to the lands in question, or any, of the lands. The proofs bear out the statement of the witness Sutton, who testifies that "there were more lands offered than the purchasers desired to take, and they could procure all the lands they wanted to purchase without competition."

Let a decree be entered dismissing the bill. Decree accordingly.